IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **XIAO CHENG MEI**, | Case No. 3:20-cv-00209-JE |
| Petitioner, | **ORDER** |
| v. | |
| **WARDEN SALAZAR, et al.**, | |
| Respondents. | |

**IMMERGUT, District Judge.**

On September 10, 2020, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R"), ECF 9. The F&R recommends that this Court deny Petitioner Xiao Cheng Mei's Petition for Writ of Habeas Corpus, ECF 1. The F&R further recommends that this Court dismiss the case with prejudice and decline to issue a Certificate of Appealability because governing precedent forecloses Petitioner's claims. No party filed objections.

For the reasons that follow, the F&R is adopted in part and modified in part. Petitioner's Petition for Writ of Habeas Corpus, ECF 1, is DENIED.

## DISCUSSION

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

No party having filed objections, this Court has reviewed the F&R and adopts Judge Jelderks's summary of the case background and finding that Petitioner's claims are judicially reviewable. ECF 9 at 2–4.

However, the Court does not adopt the finding that "a decision in Petitioner's favor in this case would necessarily result in his speedier release under RDAP's early release benefit such that habeas corpus is his proper remedy." ECF 9 at 4 (citing *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016)). First, a decision in Petitioner's favor would not necessarily result in his speedier release. Petitioner urges this Court to invalidate the regulations used to deny his eligibility for the early release benefit of the Residential Drug Abuse Program ("RDAP"). ECF 1 at 6–14. However, where an inmate is eligible for the early release benefit of RDAP, the BOP "may, but also may *not*, grant early release." *Lopez v. Davis*, 531 U.S. 230, 239–40 (2001) (emphasis in original) (internal quotation marks omitted). Thus, even if this Court invalidated the regulations

PAGE 2 – ORDER

used to deny Petitioner's eligibility for the early release benefit of RDAP, the BOP would retain discretion over whether to grant early release.

Second, the F&R cites *Nettles v. Grounds* for the proposition that "only claims that will result in speedier release" are properly considered under habeas review. *See* ECF 9 at 4 (citing 830 F.3d 922 (9th Cir. 2016)). In *Nettles*, the Ninth Circuit held that *state* prisoners whose claims will "not necessarily spell speedier release" may not bring their claims under habeas corpus but must instead bring them pursuant to 42 U.S.C. § 1983. *See* 830 F.3d at 930–31. The court explicitly did "not address how the standard … adopted [in *Nettles*] applies to relief sought by prisoners in *federal* custody," like Petitioner. *Id*. at 931 (emphasis added). The dissenting opinion in *Nettles* noted that applying the standard the majority adopted for state prisoners to their federal counterparts would "threaten[] the scope of habeas for federal prisoners," who "do not have recourse under § 1983" because it "applies only to violations undertaken 'under color of' state law." *Id*. at 945 (Berzon, J., dissenting) (internal citation omitted). Indeed, the Ninth Circuit has historically heard post-conviction claims brought in habeas by federal prisoners even where the relief sought would not necessarily result in a speedier release. *See, e.g.*, *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1243 (9th Cir. 2016) (granting relief on habeas review to a federal prisoner challenging BOP's rejection of his request to get time-served credit applied to his sentence where such relief would not necessarily lead to his immediate or earlier release from confinement); *Peck v. Thomas*, 697 F.3d 767, 772–76 (9th Cir. 2012) (addressing the merits of a habeas challenge to BOP regulations that would not necessarily lead to petitioner's immediate or earlier release from confinement).

Since *Nettles*, most district courts in the Ninth Circuit that have considered habeas claims from federal prisoners like those in the instant case have declined to apply the *Nettles* standard.

PAGE 3 – ORDER

*See, e.g., McQuown v. Ives*, No. 3:16-cv-01927-KI, 2017 WL 359181, at *2, *4 n.1 (D. Or. Jan. 24, 2017) (declining to extend the *Nettles* holding to federal prisoners and reaching the merits of a challenge to BOP regulations governing eligibility for the early release benefit under RDAP); *Shakur v. Milusnic*, No. 5:18-cv-00628-SVW-AS, 2019 WL 3207821, *4–*5 (C.D. Cal. Mar. 7, 2019) ("This Court … declines to extend *Nettles* to federal prisoners' [habeas] petitions absent explicit guidance that it should do so."); *Miller v. Fox*, No. CV 15-06888 DMG (AFM), 2017 WL 1591939, at *2 (C.D. Cal. Feb. 1, 2017) (same); *Spring v. Langford*, No. CV 16-04664-JLS (DTB), 2017 WL 3326973, at *3 (C.D. Cal. May 22, 2017) (same). This Court joins this majority of Ninth Circuit district courts in declining to extend *Nettles* to federal prisoners in the absence of explicit instruction to do so. Therefore, although the Court disagrees with the F&R's conclusion that a decision in Petitioner's favor would necessarily result in his speedier release and with its application of the *Nettles* standard to a federal prisoner, the Court agrees with the conclusion that Petitioner's claims may be properly considered on habeas review.

Reaching the merits of the petition, this Court adopts the F&R's finding that Petitioner's claims are foreclosed by governing Supreme Court and Ninth Circuit precedent. ECF 9 at 4–6; Petitioner points to a line of cases voiding criminal and immigration statutes as unconstitutionally vague because they failed to provide ordinary people with fair notice of the statutorily proscribed conduct. ECF 1 at 6–14. In contrast, the challenged regulations here are used to guide the BOP in its discretionary decisions about whether to apply RDAP's early release benefit to prisoners, not to put ordinary people on notice of prohibited conduct. The regulations at issue were challenged and upheld before the Supreme Court and the Ninth Circuit, and this Court is bound by those decisions. *see Lopez v. Davis*, 531 U.S. 230 (2001); *Peck v. Thomas*, 697 F.3d 767 (9th Cir. 2012). Thus, Petitioner's claims fail on the merits.

Accordingly, the Petition for Writ of Habeas Corpus, ECF 1, is DENIED, this case is DISMISSED with prejudice. This Court DECLINES to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 6th day of November, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge